**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Raphael Lopez,<br><br>                                        Plaintiff,<br><br>                -v-<br><br>Namdor Inc.<br><br>                                        Defendant. | Civ. Action #:<br><br>                           **Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

        Plaintiff Raphael Lopez ("Plaintiff" or "Lopez"), by Abdul Hassan Law Group, PLLC,

his attorney, complaining of Defendant Namdor Inc. ("Defendant" or "Namdor") respectfully

alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards
   Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid wages from Defendant for
   working more than forty hours in a week and not being paid an overtime rate of at least 1.5
   times the regular rate for each and all such hours over forty in a week, and (ii) entitled to
   maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act,
   29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains that he was employed by Defendant and pursuant to the New
   York Labor Law ("NYLL") that he is: (i) entitled to unpaid overtime wages from Defendant
   for working more than forty hours in a week and not being paid an overtime rate of at least
   1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to
   costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y.
   Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder –
   12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to unpaid wages including non-overtime and overtime wages, and
   compensation for not receiving notices and statements required by NYLL § 195, under
   Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages –

including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section § 198 of the New York Labor Law.

4. Plaintiff also complains that Defendant terminated and discharged him from his employment in discrimination and retaliation by Defendant because Plaintiff in good faith exercised his rights wages NYLL and the FLSA and opposed and complained of Defendant's attempts to deprive him of such wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Raphael Lopez ("Plaintiff" or "Lopez") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

9. Upon information and belief and all times relevant herein, Defendant Namdor Inc. ("Defendant" or "Namdor") was a New York for-profit corporation with a place business located in New York County, New York at 800 Third Avenue, New York, NY 10022.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant were engaged in the

grocery and produce business and were a part of the Gristedes national supermarket chain.

11. Upon information and belief, and at all relevant times herein, Defendant employed over 90 employees at any given time.

12. Plaintiff was employed by Defendant from in or around June 2014 to on or about May 26, 2020.

13. At all times relevant herein, Plaintiff was employed by Defendant as a handyman/laborer performing all physical and manual tasks within this capacity including repairs and construction,,e tc., in several Gristedes supermarkets.

14. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last regular rate of pay was about $18.33 an hour.

15. At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week including non-overtime and overtime hours, for each week during his employment with Defendant – Defendant had a policy and practice of automatically deducting one hour daily for meal breaks from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a bona fide meal break within the meaning of the FLSA and NYLL. As a result of Defendant's unlawful practice, Plaintiff is owed wages including overtime wages for approximately 5-6 hours per week, for each week during his employment with Defendant.

16. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendant, Plaintiff worked about 50 or more hours each week for Defendant, 5-6 days a week.

17. At all times relevant herein, Plaintiff was paid on a weekly basis by Defendant, except for few weeks each year when Plaintiff was not paid all his wages weekly in violation of NYLL 191(1)(a)(i).

18. A more precise statement of the hours and wages may be made when Plaintiff Lopez obtains the wage and time records Defendant was required to keep under the FLSA and NYLL.

*Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

19. At all times relevant herein, Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during his employment with Defendant.

20. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

21. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies.

22. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

23. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

24. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving medical equipment, and supplies.

25. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

26. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

27. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

29. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

30. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

31. "Plaintiff" as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

35. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

36. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

37. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

## **Relief Demanded**

38. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## **AS AND FOR A SECOND CAUSE OF ACTION**
## **NYLL 650 et Seq. (Unpaid Overtime)**

39. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

41. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

## **Relief Demanded**

42. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## **AS AND FOR A THIRD CAUSE OF ACTION**

**NYLL § 190, 191, 193, 195 and 198**

43. Plaintiff alleges and incorporates each and every allegation contained herein with the same force and effect as if fully set forth at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

45. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, (FLSA and NYMWA), and non-overtime wages, as required under NY Labor Law § 190 et seq.

46. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

47. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

**Relief Demanded**

48. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid overtime wages (FLSA and NYMWA), and non-overtime wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION – FLSA 29 USC § 215 and NYLL § 215,

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

50. At all times relevant herein, Plaintiff was employed by Defendant within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

51. At all times relevant herein, Defendant was a covered person or entity within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

52. On or about May 15, 2020, Defendant gave Plaintiff a check for wages which believed in good faith was payment of wages owed to him equivalent to about $2199.50 in wages, including increased wages and overtime wages related to the Covid-19 virus situation and work – and as also set forth above, Plaintiff was being shorted overtime pay throughout his employment with Defendant. In good faith belief that he was owed the subject wages paid to him by Defendant, especially where one would not reasonably expect Defendant to pay to Plaintiff wages it did not owe him, Plaintiff deposited and spent some or all of the subject wages.

53. On or about May 26, 2020, Defendant accused Plaintiff of accepting wages from Defendant he was not entitled to, and Defendant, in retaliation and discrimination, and in violation of the FLSA at 29 USC § 215 and NYLL § 215, terminated Plaintiff's employment because Plaintiff in good faith accepted wages and overtime wages be believed in good faith he was entitled to (including under NYLL Article 6, 12 NYCRR § 142-2.2, and 29 USC § 207) and because he could not repay all of the subject wages immediately.

54. Even if the subject wages accepted by Plaintiff in good faith constituted a bona fide overpayment (it did not), Defendant's termination of Plaintiff was unlawful because

Defendant failed to comply with and follow the procedures set forth in NYLL § 193 – including NYLL § 193(1)(c) and (d), and the regulations thereunder for the recoupment of wage overpayments, including 12 NYCRR § 195-5.1.

55. Defendant discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 and the NYLL §§ 215, for engaging in protected activity and because of Defendant's practice as further set forth above.

56. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

57. Defendant's New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendant all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215  and NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

58. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

59. As to the **First Cause of Action**, award Plaintiff his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

60. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

61. As to the **Third Cause of Action**, award Plaintiff, his unpaid wages including his entire unpaid wages, including his unpaid overtime wages, (FLSA and NYMWA), and non-overtime wages, accrued and earned time, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

62. As to the **Fourth Cause of Action**, award Plaintiff all damages available under the FLSA at 29 USC § 215 and NYLL §§ 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including §§ 215;

63. Award Plaintiff prejudgement interest on all monies due;

64. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

65. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **June 9, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF